UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA ANN KOVACH, | ) | Case No. 5:21 CV 1562 |
| Plaintiff | ) ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security Administration (the "Commissioner") denied Supplemental Security Income to Plaintiff Patricia Ann Kovach ("Plaintiff" or "Kovach") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Darrell A. Clay (the "Magistrate Judge" or "Judge Clay") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff requested an order vacating the Commissioner's decision and remanding the matter for a *de novo* hearing and a new decision on the grounds that the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence, because the medical opinion of Rica N. Howarth, PA-C was not properly evaluated. (Pl.'s Br., ECF No. 10.) The Commissioner sought final judgment affirming her decision below. (Def.'s Br., ECF No. 11.)

Judge Clay submitted a R & R (ECF No. 13) on July 25, 2022, recommending that the court affirm the Commissioner's decision. The Magistrate Judge found that the ALJ had complied with applicable regulations in assessing the supportability and consistency of Howarth's opinion, and that substantial evidence supported her rejection of that opinion. (R & R 20, ECF No. 13.) Judge Clay noted in particular that the ALJ had considered the treatment notes available in the record and compared Howarth's opinions to those of state agency consultants and the consultative examiner. (*Id.* at 22–23.) Finding no error warranting remand, the Magistrate Judge recommends affirming the Commissioner's denial of Supplemental Security Income. (*Id.* at 23.)

On August 8, 2022, Plaintiff filed her Objection to the R & R. (ECF No. 14.) She urges the court to reject Judge Clay's R & R because, in finding that substantial evidence supported the ALJ's decision, he failed to address the ALJ's legal error in improperly evaluating the supportability and consistency of Howarth's opinion. (*Id.* at PageID #711–12.) Plaintiff also contends that the checkbox format of Howarth's opinion is not a proper ground for an adverse finding of the opinion's supportability or consistency. (*Id.* at PageID #712.) She further argues that a summary of evidence found elsewhere in the decision is inadequate to explain the ALJ's rejection of Howarth's opinion. (*Id.* at PageID #713.) On August 10, 2022, the Commissioner filed a Response to Plaintiff's Objection. (ECF No. 15.) The Commissioner maintains that the Magistrate Judge correctly applied the pertinent law and found that the ALJ's decision is supported by substantial evidence. (*Id.* at PageID #715.) As a result, the Commissioner requests that the court adopt Judge Clay's Report and affirm the ALJ's decision. (*Id.*) This matter is now ripe for review.

The court finds Plaintiff's Objection arguments unpersuasive. Plaintiff first argues that the Magistrate Judge's review of the ALJ's decision was deficient because it "discusses only the

substantial evidence argument and fails to make a proper finding or recommendation regarding the ALJ's error in properly evaluating the supportability and consistency factors." (Opp'n at PageID #712, ECF No. 14.) Plaintiff's reading of the R & R is incomplete. Judge Clay notes in his analysis that applicable regulations require the ALJ to "articulate the consideration given to the medical opinions in the record, grounded in the two 'most important factors'–supportability and consistency." (R & R 20, ECF No. 13.) He proceeds to discuss the ALJ's analyses of both the support for Howarth's opinions and the consistency of those opinions with other opinion evidence in the record, before concluding that "the ALJ properly considered PA Howarth's medical opinions[.]" (*Id.* at 22–23.) The Magistrate Judge's conclusion constitutes a proper finding regarding the legal sufficiency of the ALJ's decision.

Plaintiff's contention that an ALJ cannot reject an opinion based only on its check box format is inapposite, as the check box form of Howarth's opinion was not the sole basis for the ALJ's decision. The ALJ noted that the opinion was in check box form in explaining that the opinion lacked support for the restrictive limitations it recommended, and went on to identify inconsistencies between the opinion and other treatment notes and examinations in the record. (Tr. at PageID #69.) In *Butcher v. Comm'r of Soc. Sec.*, 2021 WL 1878120 (N.D. Ohio, May 3, 2021), which Plaintiff cites in support of her argument, the ALJ indicated a general dislike of checklist opinions during the hearing, but included no discussion of the opinion's supportability or consistency before rejecting it in his written decision. Unlike in *Butcher* where the check box format was the only explanation provided for the rejection of the opinion, the ALJ here identified the form of Howarth's opinion as one factor in a broader analysis of the opinion's supportability and consistency. As discussed above, Judge Clay properly reviewed that analysis and found it legally sufficient.

The court also dismisses Plaintiff's argument that the ALJ's explanation for rejecting Howarth's opinion is inadequate because it references "a summary of evidence found elsewhere in the decision[.]" (Opp'n at PageID #713, ECF No. 14). The ALJ referenced "essentially unremarkable physical examination findings detailed above" and "minimally abnormal mental status examination findings detailed above" in explaining that Howarth's opinions were inconsistent with other evidence in the record. (Tr. at PageID #69.) Legal analyses often refer back to more detailed recitations of the facts set forth earlier in a decision, and the ALJ's decision to identify supporting evidence in this way does not detract from the clarity of her reasoning. Judge Clay rightly concluded that the ALJ properly evaluated Howarth's opinions before dismissing them.

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Clay's Report and Recommendation (ECF No. 13.) The court hereby affirms the Commissioner's final decision denying Supplemental Security Income.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 25, 2022